IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN MOMBER<br>    2851 Nordic Avenue<br>    Kalamazoo, MI 49004<br><br>        Petitioner,<br><br>v.<br><br>ROBERT L. WILKIE<br>Secretary of Veteran's Affairs<br>    810 Vermont Ave. NW<br>    Washington DC 20420<br><br>        Respondent | Civil Action No. 19-2322 |

**PETITION FOR WRIT OF MANDAMUS (FOIA)**

Petitioner, Karen Momber ("Ms. Momber" or "Petitioner"), through Counsel, asks this Honorable Court to Grant this Petition for Extraordinary Relief to order the U.S. Department of Veteran's Affairs Medical Center (*hereafter* "VAMC") to provide the required documents under her Freedom of Information Act request (*hereafter* "FOIA"), filed on February 20, 2019, to the Battle Creek VAMC regarding her AIB transcripts, CD and final report from the 01/11/19 AIB concerning Petitioner.

**I. FACTUAL BACKGROUND**

1. At all times relevant, Petitioner Karen Momber served as a nurse at the Battle Creek VA Medical Center.

2. On November 15, 2018, Petitioner was made aware that she was subject to an Administrative Investigation Board (AIB) by the Battle Creek VA Medical Center.

3. The AIB hearing took place on or about January 11, 2019.

4. On February 19, 2019, Petitioner learned via e-mail the allegations against Petitioner were concluded to be unfounded.

5. On February 20, 2019, the Petitioner filed a FOIA request for the final report of the AIB.

6. On April 21, 2019, Petitioner's Counsel advised Agency personnel via email that Petitioner's FOIA request had not been fulfilled.

7. On April 25, 2019 Petitioner, through Counsel filed a FOIA for the same transcript stated in ¶ 5, supra.

8. On May 2, 2019, as the Agency had not responded to Counsel's April 21 email, Counsel sent another email requesting the Agency's reply to Petitioner's FOIA request.

9. On May 26, 2019, as Counsel had received no response from the Agency to his April 21 and May 2 emails, Counsel sent a third email for an update on the Agency's compliance Petitioner's FOIA request.

10. On June 3, 2019, Counsel spoke with Agency personnel via phone. The Agency advised that there was an excess of FOIA requests and that personnel would be following up with an email in the next day to confirm Petitioner's request was received and provide an estimated time of compliance.

11. On June 6, 2019, as Counsel had not received a response as stated would occur within the day of the June 3 phone conversation, Counsel sent a fourth email requesting the status of Petitioner's request and advised if the Agency did not respond to the request by June 10, 2019, Counsel would advise Petitioner to file a Writ of Mandamus.

12. On June 10, 2019, Agency personnel Stewart Hadley, advised that the Agency had the source documents of the FOIA and would have redacted copies of the documents by the end of the business day on June 10.

13. On June 20, 2019, as the Agency had not produced redacted copies of the documents as stated in the June 10, 2019 email, Counsel requested a status report.

14. On June 23, 2019, the documents the Agency stated would be provided to Petitioner and Counsel in the June 10 email had not yet been provided, Counsel sent an additional email requesting a status report.

15. As of this writing, the Agency has failed to timely respond to Petitioner's FOIA request and Agency personnel has not sent a response to Counsel's emails requesting a status report.

### III. STANDARD OF REVIEW

#### A. *Writ of Extraordinary Relief*

16. A *writ of mandamus* will only be granted when essential to the interests of justice. See *Starnes v. McGuire*, 512 F.2d 918, 929 (D.C. Cir. 1974) (en banc); *Haneke v. Secretary of HEW*, 535 F.2d 1291, 1296 (D.C. Cir. 1976); *In Re Tripati*, 836 F.2d 1406, 1407 (D.C. Cir. 1988). Federal district courts have authority to issue *writs of mandamus* pursuant to 28 U.S.C. § 1361, at the discretion of the Court. *National Wildlife Federation v. United States*, 626 F.2d 917, 923 (D.C. Cir. 1980). Mandamus generally will not issue unless there is a clear right in the Petitioner to the relief sought, a plainly defined and non-discretionary duty on the part of the defendant to honor that right, and no other adequate remedy, either judicial or administrative, available. *Northern States Power Co. V. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997).

17. The requirement of a clear duty to act has been interpreted to mean that the duty of the federal officer sued must be "a clear non-discretionary duty." *Pittston Coal Group v. Sebben*, 109 S. Ct. 414, 424 (1988); *Welch v. Donovan*, 551 F. Supp.809 (D.D.C. 1982). "It is well settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Secretary of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citations omitted).

18. Under the Freedom of Information Act, 5 U.S.C.S. §552, an agency must respond to a FOIA request within 20 days and inform the Petitioner of whether or not their request will be complied with. The Agency's failure to timely provide an interim response to a Petitioner's FOIA request is grounds for granting a *writ of mandamus*. *Casad v. HHS*, 2003 U.S. Dist. LEXIS 13007, 18 (D.D.C. 2003).

### C. Jurisdiction and Venue

19. This District Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1361, which states that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner." 28 U.S.C. § 1361.

20. Venue is properly laid in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e)(1) as the Defendant is an Agency of the United States residing in the District of Columbia.

### IV. ARGUMENT

**A. The VAMC Owes a Clear, Non-discretionary Duty to Petitioner**

21. The FOIA is an essential right given to the public against the Agencies of the United States. The Freedom of Information Act was conceived to permit citizen's access to government records. *Vaughn v. Rosen,* 157 U.S. App. D.C. 340, 484 F.2d 820 (1973). In

its position as a government entity, the VA Medical Center owes a duty to Ms. Momber to comply with federal regulations and provide her with the documents as requested. Not only was Petitioner denied access to the documents she had a statutory right to, but Petitioner was additionally denied interim responses that provided an anticipated response as required by 5 U.S.C.S. §552(a)(6)(B)(i).

**B. Petition for Writ of Extraordinary Relief Should Be Granted as All Elements Are Met**

22. Ms. Momber meets all of the required elements necessary for this Court to grant her petition for a *Writ of Mandamus*. Each element is independently discussed below.

<u>Petitioner Lacks Adequate Alternative Means to Obtain the Desired Relief</u>

23. There are no other means for Ms. Momber to obtain her desired relief of being supplied the documents requested in her FOIA request from the VAMC. In order for Ms. Momber to pursue her statutory right of receiving disability compensation for service-connected disabilities obtained as a result of his service in the Armed Forces, this petition must be granted. *See* Jurisdiction Discussion above; Section IV, A.

   1. <u>There Is A Clear and Indisputable Right to The Writ</u>

24. Under the Freedom of Information Act, 5 U.S.C. § 552:

"Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall—

**(i)** determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of—

   **(I)** such determination and the reasons therefor;

  **(II)** the right of such person to seek assistance from the FOIA Public Liaison of the agency; and

  **(III)** in the case of an adverse determination—

   **(aa)** the right of such person to appeal to the head of the agency, within a period determined by the head of the agency that is not less than 90 days after the date of such adverse determination; and

   **(bb)** the right of such person to seek dispute resolution services from the FOIA Public Liaison of the agency or the Office of Government Information Services; and

 **(ii)** make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection."

25. The Petitioner made her initial FOIA request on 20 February 2019, with an additional request made through Counsel on April 25, 2019. These requests have not been complied with. This is clearly past the 20 days as statutorily required, and there has been no "unusual circumstances" which would except it from doing so. If there were any unusual circumstances that would have made the production of documents infeasible this was not communicated via written notice to Petitioner as required by 5 U.S.C.S. §552(a)(4)(A)(vii)(II)(aa).

26. The record is currently void of any extraordinary circumstances would have made the production of documents infeasible.

27. On June 10, 2019, the Agency advised that the production would be forthcoming that day. See ¶ 12, *supra*.

28. The only email sent to counsel by the Agency was silent on any extraordinary circumstances. Therefore, Petitioner's clear rights have been infringed upon by the Agency's lack of response.

### 2. **The Issuance of The Writ Is Warranted**

29. Although "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations," this case demands that corrective action be taken in order to ensure that the FOIA is a process that the American public is able to trust and rely on. *Kerr v. U.S.*, Dist. Court, 426 U.S. 394, 402 (1976).

30. The Freedom of Information Act provides a statutory right to Petitioner to a timely response through 5 U.S.C.S. §552(a)(6)(B)(i) there has been no interim communication by the Agency concerning when Petitioner's request will be fulfilled. The Agency was given multiple chances to provide interim responses by returning counsel's emails requesting status reports on Petitioner's FOIA request. Therefore, the issuance of this writ is warranted.

### V. CONCLUSION

31. For the foregoing reasons, Ms. Momber hereby humbly requests that this Court grant this *Writ*, ensure that her FOIA request is complied with, and award attorney fees, costs, and any additional remedy this Honorable Court deems just.

### VI. PRAYER FOR RELIEF.

32. Petitioner through Counsel requests the following:

    a. The requested documents be produced immediately;

b.  All attorney fees and costs paid to Petitioner.

c.  Any other remedy this Honorable Court deems appropriate.

 

Respectfully Submitted,
/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg
D.C. Bar No. 486251
Law Offices of Michael D.J. Eisenberg
700 12th Street, NW
Suite 700
Washington, DC 20005
Tel: (202) 558-6371
Fax: (202) 403-3430
**E-mail: Michael@Eisenberg-Lawoffice.com**